IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTINA L. SUIT,

   Plaintiff

v.     CIVIL No. 12-cv-1784-JKB

DIRECT TV, LLC,

   Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Christina L. Suit ("Plaintiff") brought this action against Direct TV, LLC ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Now pending before the Court is Defendant's motion to dismiss the complaint (ECF No. 4). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendant's motion will be GRANTED and Plaintiff's claims will be dismissed without prejudice.

### I. BACKGROUND[1]

According to the complaint, in or about March 2012, "Defendant accessed Plaintiff's credit file(s) and information impermissibly and through the use of false pretenses, without Plaintiff's consent or knowledge and without a legitimate business reason to do so." (Compl ¶ 8, ECF No. 1.) Plaintiff alleges that prior to March 2012, she never had "a credit account or loan with Defendant," nor did she "apply to Defendant for the purposes of obtaining credit, insurance

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

or employment." (Compl. ¶ 7.) Plaintiff further alleges that she specifically informed the Defendant that "it did not have the authority to access her credit report. *Id.*

On June 18, 2012, Plaintiff filed this suit, alleging that Defendant's actions constituted using or obtaining a consumer report in violation of the FCRA. On August 1, 2012, Defendant moved to dismiss the complaint for failure to state a claim for which relief can be granted.

## II. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

The FCRA imposes civil liability on any person—defined to include any corporation or other entity, *see* 15 U.S.C. § 1681a(b)—who willfully or negligently fails to comply with its requirements. *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899-900 (4th Cir. 2003); *see also* 15 U.S.C. §§ 1681n, 1681o. Section 1681b(f) prohibits persons from "us[ing] or obtain[ing] a

consumer report for any purpose" unless that purpose is expressly authorized by the FCRA. To state a claim for an improper use or acquisition of a consumer report, Plaintiff must plead the following elements: (i) that there was a consumer report; (ii) that Defendant used or obtained it; (iii) that Defendant did so without a permissible statutory purpose; and (iv) that Defendant acted with the specified culpable mental state. *Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11 Civ. 0427 (WS-B), 2011 WL 5401993, *3 (S.D. Ala. Nov. 7, 2011); *see also McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006). In order to survive the motion to dismiss, Plaintiff must plead facts to support each element of her claim.

Plaintiff has failed to plead facts to support the legal conclusion that the "credit file(s)" allegedly accessed by Defendant are consumer reports, as defined by § 1681a(d). (*See* Compl. ¶ 9.) Section 1681a(d)(1) defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness." Plaintiff has failed to plead facts to support the inference that Defendant received the credit files at issue from a consumer reporting agency, as defined by § 1681a(f). In addition, the FCRA explicitly excludes from the definition of consumer reports several categories of information that might otherwise be described as credit files. *See* 15 U.S.C. § 1681a(d)(2). The complaint does not allege facts to support the legal conclusion that the information contained in the credit files is the sort of communication about credit worthiness that constitutes a consumer report. Therefore, Plaintiff has failed to state a claim on which relief can be granted. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's motion to dismiss the

complaint (ECF No. 4) and CLOSING this case.

Dated this 20 day of November, 2012

BY THE COURT:

James K. Bredar
United States District Judge